

*Richard C. Schoenstein, Partner*
212.216.1120
rschoenstein@tarterkrinsky.com

August 28, 2024

**By ECF**

Hon. Joanna Seybert
United States District Court
Eastern District of New York
Alfonse M. D'Amato Federal Building
100 Federal Plaza, Courtroom 1030
Central Islip, NY 11722

    Re: *Hercules Pharmaceuticals, Inc. v. Cherne*, 2:24-cv-05659-JS-AYS

Dear Judge Seybert:

  We write on behalf of Plaintiff Hercules Pharmaceuticals, Inc. ("Plaintiff"), pursuant to Your Honor's Individual Rules and Practices, Rules I(B) and I(F)(1), to request: (1) a 14-day extension of the Ruling on Motion for Temporary Restraining Order (ECF #16) (the "TRO"), entered by the Court following an evidentiary hearing held on August 16, 2024 (the "TRO Hearing"), pursuant to Fed. R. Civ. P. 65(b)(2), to permit the parties more time to gather and submit any further evidence relevant to the pending Motion for a Preliminary Injunction; (2) an adjournment of the conference presently scheduled for August 29, 2024; and (3) a schedule for the parties to make any further submissions on the pending Motion for a Preliminary Injunction.

  In the days following the issuance of the TRO, counsel for Plaintiff and Defendant, Brant Cherne ("Defendant," together with Plaintiff, the "Parties"), engaged in discussions concerning the potential resolution of this Action, which are ongoing, but the Parties have not reached a resolution. We expect those discussions to continue.

  At the same time, in accordance with the TRO, the Parties worked cooperatively to facilitate an imaging of the Defendant's personal cell phone by a third-party vendor so it may ultimately be searched to recover any Confidential Information belonging to Plaintiff. While the imaging has been completed and the device returned to Defendant, the contents have not been reviewed. Defendant refuses to permit Plaintiff to review the entirety of the data collected from the device and contends that relevant information must be identified by the application of search terms. While Plaintiff reserves its rights in that regard, the Parties agreed that, for now, the third-party vendor will continue to hold all data collected until the Parties agree to search terms.

To this end, the Parties are still in the process of discussing the appropriate search terms to apply to the data set collected. Upon an eventual agreement on search terms, the third-party vendor will apply the search terms, and the results yielded therefrom will then be supplied to the Parties for review. In light of this, Plaintiff has not yet had an opportunity to see *any* information yielded from the data collection from the cell phone, including the Confidential Information that Defendant admitted he still has possession of at the TRO Hearing.

In addition, both Parties served discovery requests and demands, but have not yet worked out differences in the appropriate scope of discovery at this juncture. Additional time is needed to meet and confer on those issues as well.

Accordingly, at this juncture, it appears that neither Plaintiff nor Defendant has additional information to present to the Court on the application for a preliminary injunction. Fed. R. Civ. P. [65](b)(2) provides that a TRO may be extended for a "like period" if the reasons for the extension are "entered in the record." Plaintiff respectfully submits that a 14-day extension is appropriate and good cause is shown for, at least, the following reasons:

1. As indicated in the TRO (ECF #[16]), Plaintiff "met its burden of establishing its entitlement to a TRO as described" in therein.

2. The Parties have diligently moved forward with discovery. Among other things:

    a. The Parties agreed to a Stipulation and Protective Order (ECF #[18]), which was granted by the Court on August 21, and also agreed to a Stipulation and Proposed Order Regarding the Production of Electronically Stored Information (ECF #[19]) (the "ESI Order"), which is still pending approval from this Court.

    b. The Parties served each other with written discovery demands.

    c. Defendant's cell phone has been imaged by a third-party vendor, and the parties are discussing appropriate search terms so that any Confidential Information may be identified and reviewed.

3. Despite the diligence of the Parties, Plaintiff has not yet had an opportunity to review all the Confidential Information still in Defendant's possession.

4. The Parties have discussed potential resolutions of the matter, as had been suggested by the Court, but have not been able to reach an agreement.

5. Plaintiff posted the $400,000 undertaking, as required by the Court (ECF #[17]). As the security was calculated premised on a year of Defendant's earnings, it more than covers any additional losses from a 14-day extension of the initial TRO.

6. No matters have been raised thus far that would alter the Court's conclusions in the TRO regarding Plaintiff's likelihood of success on its breach of contract claims, Plaintiff's irreparable harm (which was acknowledged by Defendant in the N/C Agreement), the balance of equities, and consideration of public interest. Accordingly, conversion of the TRO to a preliminary injunction might well be appropriate at this time. The 14-day extension, pending the Parties' continuing exchange of information, is plainly appropriate.

We raised the prospect of a 14-day extension of the TRO with counsel for Defendant and were advised that he would not consent to such an extension. Accordingly, we write the Court to request such relief, along with an adjournment of the August 29 conference so that the Parties may work commence the exchange of data and information to further assess in moving forward.

In addition to the foregoing, the August 29 conference previously set by the Court separately poses a hardship for Plaintiff and its counsel given their respective pre-existing schedules. In the alternative to an adjournment of the August 29 conference, Plaintiff requests that the conference be held virtually, rather than in-person, for the convenience of all.

For these reasons, Plaintiff respectfully requests that the Court enter an Order: (1) extending the TRO until September 13, 2024; (2) adjourning the August 29 conference until September 12, or such other date convenient for the Court; (3) requiring that any additional submissions relating to Plaintiff's Motion for a Preliminary Injunction be filed on or before September 10, 2024.

We thank the Court for its consideration of this request.

Respectfully submitted,

Richard C. Schoenstein

cc: All Counsel of Record (by ECF)