UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| HERCULES PHARMACEUTICALS, INC., <br><br> *Plaintiff*, <br><br> -against- <br><br> BRANT CHERNE, <br><br> *Defendant*. | Case No. 2:24-cv-05659 |

### DECLARATION OF RICHARD C. SCHOENSTEIN

**RICHARD C. SCHOENSTEIN** hereby declares the following to be true under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am an attorney duly admitted to practice law in the State of New York and am in good standing to practice before this Court. I am a member of the law firm Tarter Krinsky & Drogin LLP, counsel for Plaintiff, Hercules Pharmaceuticals, Inc. ("Plaintiff" or "Hercules").

2. I submit this Declaration in support of Plaintiff's motion for a preliminary injunction against Defendant Brant Cherne ("Brant"), a former employee of Hercules who resigned on August 1, 2024, and commenced employment with a competitor.

3. On August 14, 2024, Hercules commenced this case by filing its Complaint (ECF #1) and an Order to Show Cause Seeking a Temporary Restraining Order and Preliminary Injunction (ECF #4), which was supported by a Memorandum of Law (ECF #4-1), the Declaration of Sara M. Amani, the CEO of Hercules (ECF #4-2), along with exhibits attached thereto, the Declaration of Ian Corn, an employee of Hercules (ECF #4-8), and the Declaration of Laurent S. Drogin (ECF #4-9).

4. This Court signed the Order to Show Cause for Temporary Restraining Order and

Preliminary Injunction on August 14 (ECF #8) (the "OSC"), wherein the Court scheduled a Show Cause Hearing for August 16, 2024 (the "TRO Hearing").

5. The following day, on August 15, in accordance with the OSC, Brant filed his opposition to Hercules' application. (ECF #11). The parties each filed witness lists in anticipation of the TRO Hearing. (ECF #11, #12).

6. On August 16, the TRO Hearing was held before this Court and, after a full day of testimony by the parties, the Court granted Hercules' motion to the extent it sought a temporary restraining order. (ECF #16) (the "TRO").

7. In accordance with the TRO, on August 21, Hercules posted a bond of $400,000. (ECF #17).

8. The parties filed a Stipulation and Proposed Protective order on August 21 (ECF #18), which was So Ordered by the Court on August 22. The parties also filed an ESI protocol and proposed order on August 22 (ECF #19) to further facilitate the expedited discovery.

9. Pursuant to the TRO, Brant provided his cell phone, and we engaged a third-party vendor to make an image and perform searches. The Parties were unable to agree upon search terms or the extent of appropriate expedited discovery.

10. Following submissions by each side, Magistrate Judge Shields entered an Order, dated September 3, 2024, approving the search terms as proposed by Hercules, setting forth the categories of documents to be produced by both sides, and ruling that interrogatories and requests for admission were not appropriate at this time. (ECF #24). Following that order, both sides produced documents. Hercules produced documents on September 5 and 6, and Brant produced documents on September 7.

11. Subsequently, the third-party vendor ran the search terms approved by the

Magistrate Judge and responsive files on Brant's cell phone were identified and provided to the parties on September 9, 2024. Accordingly, the Parties have had very little time to review the documents produced and/or recovered from Brant's cell phone.

12. Nonetheless, as described more fully in the accompanying Supplemental Declaration of Sara M. Amani and the accompanying Memorandum of Law in Support of Plaintiff's Motion for a Preliminary Injunction, and as supported by the prior papers submitted and the evidence adduced at the TRO Hearing, Hercules respectfully requests that the TRO be converted into a preliminary injunction, such that, pending arbitration and/or further order of this Court:

   a. Brant, and anyone acting in concert with him, is enjoined from using or disclosing any trade secrets of Hercules and its Confidential Information, as defined in the Employee Confidentiality and Non-Compete Agreement, dated April 21, 2022 (the "N/C Agreement");

   b. Brant is enjoined from working for NDC Distributors;

   c. Brant is enjoined from engaging in any Prohibited Activity, as defined by the N/C Agreement;

   d. Brant, and anyone acting in concert with him, is enjoined from directly or indirectly soliciting, contacting, or attempting to solicit or contact, any customers of Hercules; and

   e. Brant is required to retain and not disclose to anyone copies of any Confidential Information or trade secrets in his possession, custody, or control;

13. Following disagreement of the Parties as to an appropriate briefing schedule, the Court adopted Plaintiff's proposal and required papers to be submitted by both parties on or before

September 10, 2024, with replies if any to be filed on or before September 12, 2024. Hercules firmly believes that the evidence provided in its initial papers, adduced at the TRO Hearing, and set forth in the papers filed today provide well more than an ample basis for the preliminary injunction now requested. Alternatively, Hercules requests that a further evidentiary hearing be held to address any issues of fact that the Court deems to be sufficiently disputed.

_____
Richard C. Schoenstein